UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PERNELL PIERSON,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-274-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AN ORDER

Pernell Pierson, a prisoner without a lawyer filed a signed, five-count complaint against four defendants. ECF 7-1. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In Count One, Mr. Pierson alleges Warden Ron Neal didn't train or supervise his employees properly. ECF 7-1 at 3. Such claims can be brought against municipalities based on their policy, practice, or custom, Monell v. Dep't

of Soc. Servs. of City of New York, 436 U.S. 658 (1978), but "in the Eighth Amendment context, such claims may only be maintained against a municipality." Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) *citing* Farmer v. Brennan, 511 U.S. 825, 841 (1994). Warden Ron Neal isn't a municipality, so these allegations don't state a *Monell* claim. To the extent Mr. Pierson is alleging Warden Neal didn't properly supervise, Warden Neal can't be held liable under 42 U.S.C. § 1983 simply because he employs or supervises others. *See* Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Count One doesn't state a claim upon which relief can be granted.

In Count Two, Mr. Pierson alleges he was subjected to excessive force on October 24, 2019, when Officers Martinz and Wilson slammed him to the ground and Officer Zeleneka kicked his left leg. ECF 7-1 at 2 and 5. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[W]hether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). If the allegations are true, and the court must assume they are at this point, the complaint states

a claim on which relief can be granted against Officers Martinz, Wilson, and Zeleneka. Mr. Pierson also sues Warden Neal, but doesn't allege he was personally involved, so Count Two does not state a claim against Warden Neal.

In Count Three, Mr. Pierson alleges he was denied medical treatment. ECF 7-1 at 2 and 6. He alleges he asked Officers Martinz and Wilson for medical assistance immediately after he was thrown to the floor, but they refused even though he was in pain. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Mr. Pierson's complaint states a claim on which relief could be granted for a denial of medical treatment by Officers Martinz and Wilson on October 24, 2019. Though Mr. Pierson alleges he did not receive medical treatment until January 7, 2020, he hasn't plausibly alleged how Officers Martinez or Wilson prevented him from receiving medical care after October 24, 2019. He also names Warden Neal and Officer Zeleneka in this count without alleging that either was personally involved with denying him medical care, so Count Three doesn't state a claim against Officers Martinez or Wilson.

In Count Four, Mr. Pierson alleges he was prevented from exhausting his administrative remedies. ECF 7-1 at 7. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create

3

interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). Mr. Pierson's complaint doesn't plausibly allege how any of the defendants prevented him from filing a grievance. Count Four doesn't state a claim on which relief can be granted.

In Count Five, Mr. Pierson alleges he "submitted written inmate requests and grievances regarding these issues on multiple occasions [but the] Defendants failed to respond . . . ." ECF 7-1 at 8. The "view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of [Indiana] and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right." Burks v. Raemisch, 555 F.3d at 595. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Count Five does not state a claim.

For these reasons, the court:

(1) GRANTS Pernell Pierson leave to proceed against Officers Martinz and Wilson for throwing him to the floor and denying constitutionally adequate medical care for his leg on October 24, 2019, in violation of the Eighth Amendment;

4

(2) GRANTS Mr. Pierson leave to proceed against Officer Zeleneka for kicking his left leg on October 24, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Ron Neal;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officers Martinz, Wilson, and Zeleneka at the Indiana Department of Correction with a copy of this order and the complaint (ECF 7-1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officers Martinz, Wilson, and Zeleneka to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 14, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT