UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PERNELL PIERSON, <br><br> Plaintiff, <br><br> v. <br><br> ZELENKA, MARTINZ, AND WILSON, <br><br> Defendants. | CAUSE NO. 3:20-CV-274-RLM-MGG |

OPINION AND ORDER

Pernell Pierson, a prisoner without a lawyer, is proceeding in this case "against Officers Martinz and Wilson for throwing him to the floor and denying constitutionally adequate medical care for his leg on October 24, 2019, [and] against Officer Zeleneka for kicking his left leg on October 24, 2019, [both] in violation of the Eighth Amendment . . .." ECF 10 at 4-5. On January 7, 2021, the defendants filed a summary judgment motion, arguing Mr. Pierson did not exhaust his administrative remedies before filing suit. With the motion, the defendants provided him the notice required by N.D. Ind. L.R. 56-1(f) which explained how and why it was important for him to respond to the summary-judgment motion. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. On its own motion, the court enlarged the summary-judgment deadline to March 24, 2021, and cautioned Mr. Pierson if he did "not respond by the deadline, the court may rule on the summary judgment motion without consideration of a response from

him." ECF 31 at 1-2. That deadline passed more than two months ago, and he didn't respond. The time for ruling has come.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners can't bring an action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin

Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Mr. Pierson didn't respond to the defendants' summary-judgment motion, he hasn't properly addressed their assertions of fact and the court accepts these facts as undisputed:

 1. At all times relevant to his complaint, Plaintiff was incarcerated at ISP. [ECF 7 at 1].

 2. According to the complaint, on October 24, 2019, Officer Martinz and Officer Wilson slammed Pierson to the ground, and denied Pierson medical care. [ECF 7 at 2 ¶ 3-4].

 3. According to the complaint, on October 24, 2019, Officer Zeleneka kicked Pierson in his left leg. [ECF 7 at 2 ¶ 3].

 4. At all times relevant to the complaint, ISP had a grievance program as required under IDOC policy. [ECF 26-1 at ¶ 6].

 5. The applicable Offender Grievance Process, Policy and Procedure 00-02-301 ("Offender Grievance Process"), was in effect from October 1, 2017 through April 1, 2020. [ECF 26-1 at ¶ 9; ECF 26-2].

 6. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit. [ECF 26-1 at ¶ 10; ECF 26-2 at 3]. The three steps are as follows:

   (1)    A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions;

   (2)    a written appeal to the Warden or his designee; and

   (3)    a written appeal to the Department Grievance Manager.

[ECF 26-1 at ¶ 10; ECF 26-2 at 3).

    7. Successful exhaustion of the Offender Grievance Process requires an offender to timely complete all three steps. [ECF 26-1 at ¶ 10; ECF 26-2 at 3].

    8. Offenders are made aware of the Offender Grievance Process during orientation and have continual access to the policy in the facility law library. [ECF 26-1 at ¶ 11].

    9. Any grievances an offender may have concerning the "actions of individual staff" or "any other concerns relating to the conditions of care or supervision within the Department," can and must be grieved according to the procedures in the Offender Grievance Process. [ECF 26-1 at ¶ 12; ECF 26-2 at 3].

    10. Because Plaintiff's claims against Defendants concern the "actions of individual staff" or other concerns regarding his care or supervision while at ISP, Plaintiff was required to grieve his claims in accordance with the Offender Grievance Process. [ECF 26-1 at ¶ 12; ECF 26-2 at 3].

    11. Each properly submitted Offender Grievance received at ISP is logged electronically, as outlined in the Offender Grievance Process. [ECF 26-1 at ¶ 18; ECF 26-2 at 10].

    12. Plaintiff's History of Grievances indicates that he has filed no accepted grievances after October 1, 2019. [ECF 26-3].

    13. On December 12, 2019, Plaintiff submitted a grievance for conduct that occurred on October 24, 2019. [ECF 26-4].

    14. ISP's Grievance Specialist rejected that grievance as untimely and outside the time limits set out in the Offender Grievance Process. [ECF 26-4].

ECF 27 at 2-4 (brackets in original, but citations corrected in ¶¶ 1, 2, 3, 9, 10, and 11).

The court also accepts as undisputed that "[t]he first step of the grievance process is accomplished by completing and submitting a timely written formal grievance, using an Offender Grievance Form (State Form 45471) no later than ten (10) business days from the date of the incident giving rise to the complaint or concern. The Offender Grievance form is to be submitted by the offender to the Offender Grievance Specialist." ECF 26-1 at ¶ 15.

These undisputed facts show the claims raised in this lawsuit were grievable. They show the claims arose on October 24, 2019. They show Mr. Pierson had ten business days to file a grievance about them. They show he didn't file a grievance until December 12, 2019. That grievance was properly rejected as untimely. Mr. Pierson didn't exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

In addition, Michael Huff signed and filed a motion in this case. ECF 32. Mr. Huff isn't a lawyer and can't represent Mr. Pierson. *See* Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007); Navin v. Park Ridge Sch. Dist*.,* 270 F.3d 1147, 1149 (7th Cir. 2001); and Nowicki v. Ullsvik, 69 F.3d 1320, 1325 (7th Cir. 1995). Therefore the motion must be denied. The motion would be denied even if it had been filed by a lawyer because it seeks a preliminary injunction unrelated to the claims raised in this lawsuit.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is *likely* to succeed on the merits, that he is *likely* to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (emphasis added). Mr. Pierson has no chance of success on the merits because he isn't proceeding in this case on any claims for permanent injunctive relief; he is only proceeding on claims for monetary damages. *See* ECF 10.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 32);

(2) GRANTS the motion for summary judgment (ECF 26);

(3) DISMISSES this case WITHOUT PREJUDICE; and

(4) DIRECTS the clerk to enter judgment in favor of the defendants and against Pernell Pierson.

SO ORDERED on June 1, 2021

                                             s/ Robert L. Miller, Jr.
                                             JUDGE
                                             UNITED STATES DISTRICT COURT